**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**UNITED STATES OF AMERICA**
**PLAINTIFF**

**VS.** **Civil Action No. 3:70CV4706-DPJ-LGI**

**STATE OF MISSISSIPPI**
**(LAUREL SCHOOL DISTRICT)**
**DEFENDANT**

---

# MEMORANDUM IN SUPPORT OF JOINT MOTION FOR DECLARATION OF UNITARY STATUS

---

The Laurel School District ("District") and the United States of America ("Government") submit this memorandum in support of their Joint Motion for a Declaration of Unitary Status. The District has complied in good faith with this Court's desegregation order and has eliminated, to the extent practicable, all vestiges of discrimination resulting from the former racially dual system.

## I. Introduction

For over 55 years the District has been subject to a desegregation order requiring it to submit bi-annual reports regarding the racial makeup of its schools and teachers and certifying that it no longer engages in segregation. It has fully complied with the original order and all reporting requirements. The United States of America ("Government") and the District agree that the District has eliminated the vestiges of segregation. The District and the Government now respectfully request the Court to grant its motion, declare the District unitary, dissolve all remaining injunctions entered in this case, and dismiss this case with prejudice.

## II. Procedural History

The Government initiated this action against the District in 1970, alleging the unlawful operation of a racially dual system of public education in violation of the Fourteenth Amendment of the United States Constitution and the Civil Rights Act of 1964. *United States v. State of Mississippi*, C.A. No. 4706 (S.D. Miss.). On September 3, 1970, this Court entered a desegregation order ("Order") requiring the District to take certain action to eliminate racial segregation in the areas of student assignment, transportation, faculty assignment, school construction and extra-curricular activities. It also ordered the District to make reports to the Court twice per year providing information on factors such as the "number of students by race enrolled in the school district; . . . school … [and] classroom."

It has been over 55 years since the entry of this Court's original Order. Since then, as noted on the Court's docket, there have been several orders approving modest, requested changes to the schools in the District. The most recent such order was on April 11, 2023, approving the District's request to modify the school grades taught at its respective elementary and middle schools. In response the District moved forward with the modifications.

The District has complied in good faith with the Court's original Order, including filing regular, semiannual reports, the most recent filed in December 2025. The District has, to the extent practicable, eliminated the vestiges of racial discrimination. The Government agrees the District has satisfied its obligations and hence joins this Motion.

## III. The Laurel School District is Unitary

### A. Burden of proof

To prevail on its motion for unitary status, the District must show that it has 1) eliminated all vestiges of *de jure* discrimination to the extent practicable; 2) complied with this Court's desegregation orders for a reasonable period of time; and, 3) demonstrated its good-faith commitment to the constitutional rights that were the original predicate for the injunctive relief this Court awarded. *Freeman v. Pitts*, 503 U.S. 467, 491 (1992); *Board of Education v. Dowell*, 498 U.S. 237, 249–50 (1991). The District must demonstrate compliance with respect to student assignment, faculty, staff, transportation, facilities, and extra-curricular activities. *Green v. County School Board of New Kent County*, 391 U.S. 430, 435 (1968).

### B. The District has eliminated, to the extent practicable, the remnants of past discrimination and has complied with the Order

The District has worked diligently to comply with the Order and has consistently filed the required reports, twice per year, every year. The most recent "Report to the Federal Court" ("Report") is attached as Exhibit 1 to the Motion. It is the 107th such report submitted by the District since the Order. The data illustrates the District operates a unitary system and is in full compliance with *Singleton v. Jackson Municipal Separate School District.*, 419 F.2d 1211 (5th Cir. 1969). The following table shows the racial breakdown of students in Laurel Schools in the 2025-2026 school year, derived from the Report and approximated to the nearest percentage:

| **School** | **Grades** | **Black** | **White** | **Other** |
|---|---|---|---|---|
| Oak Park Elementary School | PK-1 | 81% | 4% | 15% |
| Nora Davis Elementary School | 2-4 | 82% | 1% | 17% |
| Laurel Upper Elementary School | 5-6 | 79% | 3% | 18% |
| Laurel Magnet School for the Arts | PK-6 | 89% | 4% | 7% |
| Laurel Middle School | 7-8 | 79% | 4% | 17% |
| Laurel High School | 9-12 | 83% | 2% | 15% |

| | | | | |
|---|---|---|---|---|
| **District-wide Total:** | | **82%** | **3%** | **15%** |

The District operates as a mostly "single grade structure." There is only one school option for all PK-1, 2-4, 5-6, 7-8, and 9 -12 grade students, district-wide, in addition to one magnet school for the arts serving PK-6. Thus, racial segregation is, effectively, not possible. *See* The only exception is the magnet school which accepts students upon application. As reflected in the table above, the racial makeup of the magnet school, as well as all schools in the District, roughly mirrors that of the total District student population.

Faculty and staff who work directly with children apply for a position at a specific school and are hired without regard to race. The Report discloses the present racial makeup of the faculty (i.e., 123 Black, 59 White, 4 Other). The Report also reflects that all segregation in the areas of transportation, facilities, and extra-curricular activities has been eliminated.

There have been no legal actions brought against the District alleging illegal segregation since the 1970 Order, over 55 years ago.

## IV. Conclusion

"From the very first, federal supervision of local school systems was intended as a temporary measure to remedy past discrimination." *Bd. of Educ. of Oklahoma City Public Schools v. Dowell*, 498 U.S. 237, 247 (1991). This is the case partly because "[n]o single tradition in public education is more deeply rooted than local control over the operation of schools," *Milliken v. Bradley*, 418 U.S. 717, 741 (1974). It was never the purpose of the federal courts' desegregation jurisprudence to "condemn a school district, once governed by a board which intentionally discriminated, to judicial tutelage for the indefinite future," *Dowell*, 498 U.S. at 249.

"[U]nitariness represents a finding 'that the school district has eliminated all aspects of *de jure* segregation . . ..'" *Price v. Austin Independent School District,* 945 F.2d 1307 (5th Cir. 1991) (quoting *Ross v. Houston Independent School District,* 699 F.2d 218, 219 (5th Cir. 1983)). "[T]he appropriate measure of unitariness [is] 'whether the past has been eradicated so far as it remains in the power of school officials and courts to do so . . ..'" *Id.* at 1314 (quoting *Ross*, 699. F.2d at 227). The District has worked continuously to implement the Court's desegregation orders and to remove, to the extent practicable, all vestiges of *de jure* segregation. The District has timely submitted its required reports to the Court describing its progress in complying with the Order. The District has eliminated all vestiges of *de jure* segregation and is unitary in every respect.

Wherefore, the District and the Government request this Court declare the District unitary, dissolve all remaining injunctions against the District, and dismiss this case with prejudice as to the Laurel School District.

Respectfully submitted, this 8th day of June 2026.

**For Laurel School District:**

/s/ Richard Yoder

Richard Yoder
MS Bar No. 6640
Gilchrist Yoder Leggett & Thames, PLLC
P.O. Box 106
Laurel, MS 39441-0601
Telephone: 601.649.3351
Facsimile: 601.426.9625
rly@laurellaw.com

**For The United States:**

/s/ Mitzi Dease Paige

Mitzi Dease Paige
MS Bar No. 6014
Assistant United States Attorney
Southern District of Mississippi
501 E. Court St., Suite 4.430
Jackson, MS 39201
Telephone: 601.973.2840
Mitzi.Paige@usdoj.gov

**/s/ Peter Feaman**
Peter Feaman
Senior Counsel
Civil Rights Division
U.S. Department of Justice,
950 Pennsylvania Ave., NW
Washington, DC 20530
Cell: 202-598-7149
peter.feaman@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed a true and correct copy of the above document with the Clerk of Court using the CM/ECF system, which caused notice of filing to be served on all registered counsel of record.

Dated: June 8, 2026.

/s/ Mitzi Dease Paige